CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

MICHAEL NAMMAR
Deputy Chief, Criminal Division

REBECCA A. PERLMUTTER
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:      Rebecca.Perlmutter@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 19 2023

at ___9___ o'clock and ___51___ min. ___ M ___
CLERK, U.S. District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 23-00041 SOM |
| Plaintiff, | MEMORANDUM OF PLEA AGREEMENT |
| vs. | DATE: May 19, 2023 |
| ALDEN BUNAG, | TIME: 9:00 am |
|  | JUDGE: Hon. Susan O. Mollway |
| Defendant. | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, ALDEN BUNAG, and his attorney,

Jacquelyn Esser, Esq., have agreed upon the following:

## THE CHARGES

1.      The defendant acknowledges that he has been charged in an

Information with violating Title 18, United States Code, Section 2251(a)

(production of child pornography).

2.      The defendant has read the charge against him contained in the

Information, and that charge has been fully explained to him by his attorney.

3.      The defendant fully understands the nature and elements of the crime

with which he has been charged.

## THE AGREEMENT

4.      The defendant agrees to waive indictment and enter a voluntary plea

of guilty to the Information, which charges him with production of child

pornography. The defendant is aware that he has the right to have this felony

asserted against him by way of grand jury indictment.   The defendant hereby

waives this right and consents that this offense may be charged against him by way

of the Information.   In return, the U.S. Attorney's Office for the District of Hawaii

agrees to a Guidelines recommendation pursuant to Rule 11(c)(1)(B) and not to file

additional charges related to the production, distribution, and possession of child

2

pornography, and related charges, with respect to electronic devices seized during the June 15, 2022 federal search warrants executed by the Federal Bureau of Investigation, and based on information now known to the government.   The government also agrees to dismiss the one-count Indictment in 22-cr-00053-SOM (D. Haw.) after sentencing.

5.   The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.   The defendant enters this plea because he is in fact guilty of production of child pornography as charged in the Information, and he agrees that this plea is voluntary and not the result of force or threats.

## PENALTIES

7.   The defendant understands that the penalties for the offense to which he is pleading guilty include:

a.   A term of imprisonment of not less than 15 years and up to 30 years and a fine of up to $250,000, plus a term of supervised release of not less than five years and up to life pursuant to 18 U.S.C. § 3583(k).

b.   In addition, the Court must impose a $100 special assessment as to each count to which the defendant is pleading guilty pursuant to 18 U.S.C. § 3013.   The defendant agrees to pay $100 for each count to which he is pleading

3

guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing.   The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

   c. In addition to the mandatory assessment under paragraph 7.b, an assessment of $5,000 per count under 18 U.S.C. § 3014;

   d. An assessment, pursuant to 18 U.S.C. § 2259A(a)(3), per count of no more than $50,000 if convicted of child pornography production under 18 U.S.C. § 2251(a).

   e. **Forfeiture.** Pursuant to 18 U.S.C. § 2253, forfeiture of any (1) visual depictions and books, magazines, periodicals, films, videotapes, and other matter containing visual depictions, as set forth in 18 U.S.C. § 2253(a)(1); (2) property, real or personal, constituting or traceable to gross profits or other proceeds obtained from certain offenses as described in 18 U.S.C. § 2253(a); and/or (3) property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

f.     **Restitution.**   The Court must also award restitution pursuant to

Title 18, United States Code, Section 3663A, to the persons and entities victimized

by the defendant's offenses.   The defendant understands that the Court will

determine the amounts of restitution to be ordered, as well as the persons and

entities entitled to such restitution, with the assistance of the United States

Probation Office.

g.     The defendant agrees to pay restitution for all losses caused by

the defendant's conduct, regardless of whether the Indictment in 22-cr-00053-

SOM associated with such losses will be dismissed as part of this Agreement.

Specifically, regardless of any applicable mandatory restitution or assessment

provisions, pursuant to 18 U.S.C. § 3663(a), the defendant agrees to pay applicable

restitution amounts for identified victims of offenses pursuant to 18 U.S.C. § 2252.

h.     The Court must also award mandatory restitution under Title

18, United States Code, Section 2259.

i.     **Mandatory Registration for Sex Offenders.**   The defendant

understands that, as a consequence of his guilty plea, under the Sex Offender

Registration and Notification Act, he must register as a sex offender in the

jurisdiction(s) where he resides, is employed or is a student.   The defendant

further understands that he will be required to keep his registration current, and

inform such jurisdiction(s) not later than three business days after any change of

his name, residence, employment or student status.   The defendant understands

that a failure to comply with these obligations will subject him to prosecution for

failure to register under federal law, specifically, Title 18, United States Code,

Section 2250, as well as under any applicable state statutes.

## FACTUAL STIPULATIONS

8.     The defendant admits the following facts and agrees that they are not

a detailed recitation, but merely an outline of what happened in relation to the

charge to which the defendant is pleading guilty:

a.     At times pertinent to this factual stipulation, BUNAG was a

teacher who worked at a middle school located on Oahu, within the District of

Hawaii.   From in or around 2017 through 2018, defendant, Alden BUNAG,

engaged in sexual contact with a minor male, MV1, who BUNAG knew because

MV1 was his middle school student.   During this time period, BUNAG used MV1

for purposes of recording videos of himself and MV1 engaging in sexual activity

on multiple occasions.   BUNAG recorded at least one of those videos in

BUNAG's middle school classroom.   At the time of the recordings, MV1 was

BUNAG's student and under the age of fourteen years old, which BUNAG knew,

when BUNAG used MV1 to make the video recordings and images of BUNAG and MV1 engaged in sexually explicit conduct.

       b.    None of the electronic devices used to create and record the sexually explicit videos and images of MV1 were manufactured or produced in the District of Hawaii.

       c.    In or around November 2019, BUNAG also sent at least one video depicting BUNAG engaged in sexual activity with MV1 to at least one other person, an individual known to the parties as AW, by using a messaging application on BUNAG's cellular telephone.

    9.    The parties agree that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

## SENTENCING STIPULATIONS

    10.    Pursuant to CrimLR 32.1 of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

a.      The parties agree that if acceptance of responsibility applies at the time of sentencing pursuant to both paragraphs 10.b and 10.c, then government will not recommend a sentence higher than Guidelines offense level 37.

b.      As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility.   If all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate.   *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

c.      The United States Attorney agrees that the defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to the defendant.   Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b), if the defendant is otherwise eligible.   The defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to

8

argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the United States Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11.    The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.   The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

12.    The parties represent that as of the date of this agreement there are no material facts in dispute.

## APPEAL/COLLATERAL REVIEW

13.    The defendant is aware that he has the right to appeal his conviction and the sentence imposed.   The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution or forfeiture order imposed, or the manner in which the sentence, restitution, or forfeiture order was determined, on any ground

whatsoever, in exchange for the concessions made by the prosecution in this Agreement.   The defendant understands that this waiver includes the right to assert any and all legally waivable claims.

      a.    The defendant also waives the right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

      b.    If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of his sentence in a collateral attack.

      c.    The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## FINANCIAL DISCLOSURE

14.     In connection with the collection of restitution or other financial

obligations, including forfeiture as set forth below, that may be imposed upon him,

the defendant agrees as follows:

a.     The defendant agrees to fully disclose all assets in which he has

any interest or over which he exercises control, directly or indirectly, including any

assets held by a spouse, nominee, or third party.   The defendant understands that

the United States Probation Office (USPO) will conduct a presentence

investigation that will require the defendant to complete a comprehensive financial

statement.   To avoid the requirement of the defendant completing financial

statements for both the USPO and the government, the defendant agrees to

truthfully complete a financial statement provided to the defendant by the United

States Attorney's Office.   The defendant agrees to complete the disclosure

statement and provide it to the USPO within the time frame required by the United

States Probation officer assigned to the defendant's case.   The defendant

understands that the USPO will in turn provide a copy of the completed financial

statement to the United States Attorney's Office.   The defendant agrees to provide

written updates to both the USPO and the United States Attorney's Office

regarding any material changes in circumstances, which occur prior to sentencing,

11

within seven days of the event giving rise to the changed circumstances.   The

defendant's failure to timely and accurately complete and sign the financial

statement, and any written update thereto, may, in addition to any other penalty or

remedy, constitute the defendant's failure to accept responsibility under U.S.S.G §

3E1.1.

      b.    The defendant expressly authorizes the United States

Attorney's Office to obtain his credit report.   The defendant agrees to provide

waivers, consents, or releases requested by the United States Attorney's Office to

access records to verify the financial information, such releases to be valid for a

period extending 90 days after the date of sentencing.   The defendant also

authorizes the United States Attorney's Office to inspect and copy all financial

documents and information held by the USPO.

      c.    Prior to sentencing, the defendant agrees to notify the Financial

Litigation Unit of the U.S. Attorney's Office before making any transfer of an

interest in property with a value exceeding $1,000 owned directly or indirectly,

individually or jointly, by the defendant, including any interest held or owned

under any name, including trusts, partnerships, and corporations.

## FORFEITURE

15.   As part of his acceptance of responsibility and pursuant to 18 U.S.C.

§ 2253, the defendant agrees as follows:

a.   The defendant agrees to forfeit to the United States all of his

right, title, and interest in the following property (the "Specific Property"):

i.   Any electronic devices seized during federal search

warrants executed on June 15, 2022 at BUNAG's residence and on his person

while he was located at a high school on Oahu.

b.   The defendant acknowledges that the Specific Property is

subject to forfeiture pursuant to 18 U.S.C. § 2253 as (1) visual depictions and

books, magazines, periodicals, films, videotapes, and other matter containing

visual depictions, as set forth in 18 U.S.C. § 2253(a)(1); (2) property, real or

personal, constituting or traceable to gross profits or other proceeds obtained from

certain offenses as described in 18 U.S.C. § 2253(a); and/or (3) property, real or

personal, used or intended to be used to commit or to promote the commission of

such offense or any property traceable to such property.

c.   The defendant knowingly and voluntarily waives and agrees to

waive any and all constitutional, statutory, and other challenges to the forfeiture on

any and all grounds, including that the forfeiture constitutes an excessive fine or

13

punishment under the Eighth Amendment.   The defendant knowingly and voluntarily waives any right to a jury trial on the forfeiture of property.

       d.    The defendant agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of the property.   The defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   The defendant acknowledges that he understands that the forfeiture of the property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, during the change of plea hearing.   Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the preliminary order of forfeiture for the Specific Property becoming final as to the defendant when entered.

       e.    The defendant agrees to waive all interest in the Specific Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal, and to withdraw any claim that the defendant may have

filed in such a proceeding.   The defendant further waives any other notice requirement that may apply to the administrative and/or civil forfeiture of the Specific Property.

   f. The defendant understands that the forfeiture of the forfeitable property does not constitute and will not be treated as satisfaction, in whole or in part, of any fine, restitution, reimbursement of cost of imprisonment, or any other monetary penalty this Court may impose upon the defendant in addition to the forfeiture.

## IMPOSITION OF SENTENCE

  16. The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines.   The defendant agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

  17. The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary.   The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charge adequately

reflects the seriousness of the actual offense behavior and accepting the Agreement
will not undermine the statutory purposes of sentencing.

## **WAIVER OF TRIAL RIGHTS**

18.    The defendant understands that by pleading guilty he surrenders
certain rights, including the following:

a.    If the defendant persisted in a plea of not guilty to the charges
against him, then he would have the right to a public and speedy trial.   The trial
could be either a jury trial or a trial by a judge sitting without a jury.   The
defendant has a right to a jury trial.   However, in order that the trial be conducted
by the judge sitting without a jury, the defendant, the prosecution, and the judge all
must agree that the trial be conducted by the judge without a jury.

b.    If the trial is a jury trial, the jury would be composed of twelve
laypersons selected at random.   The defendant and his attorney would have a say
in who the jurors would be by removing prospective jurors for cause where actual
bias or other disqualification is shown, or without cause by exercising peremptory
challenges.   The jury would have to agree unanimously before it could return a
verdict of either guilty or not guilty.   The jury would be instructed that the
defendant is presumed innocent, and that it could not convict him unless, after
hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

16

c.     If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

d.     At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant.   The defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.   In turn, the defendant could present witnesses and other evidence on his own behalf.   If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

e.     At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

19.     The defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.   The defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

## USE OF PLEA STATEMENTS

20.     If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes

17

a motion before the Court to withdraw his guilty plea and the Court grants that

motion, the defendant agrees that any admission of guilt that he makes by signing

this Agreement or that he makes while pleading guilty as set forth in this

Agreement may be used against him in a subsequent trial if the defendant later

proceeds to trial.   The defendant voluntarily, knowingly, and intelligently waives

any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure

and Rule 410 of the Federal Rules of Evidence regarding the use of statements

made in this Agreement or during the course of pleading guilty when the guilty

plea is later withdrawn.   The *only* exception to this paragraph is where the

defendant fully complies with this Agreement but the Court nonetheless rejects it.

Under those circumstances, the United States may not use those statements of the

defendant for any purpose.

     21.    The defendant understands that the prosecution will apprise the Court

and the United States Probation Office of the nature, scope and extent of the

defendant's conduct regarding the charges against him, related matters, and any

matters in aggravation or mitigation relevant to the issues involved in sentencing.

     22.    The defendant and his attorney acknowledge that, apart from any

written proffer agreements, if applicable, no threats, promises, agreements or

conditions have been entered into by the parties other than those set forth in this

Agreement, to induce the defendant to plead guilty.   Apart from any written proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

23.    To become effective, this Agreement must be signed by all signatories listed below.

24.    Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.

AGREED:

CLARE E. CONNORS
United States Attorney
District of Hawaii

MICHAEL NAMMAR                            Dated: __5/19/23__
Deputy Chief, Criminal Division

REBECCA A. PERLMUTTER                     Dated: __5/19/23__
Assistant U.S. Attorney

ALDEN BUNAG                               Dated: __5/19/23__
Defendant

JACQUELYN ESSER                           Dated: __5/19/23__
Attorney for Defendant

19